GERTRUIDA MASTBERGEN et al., Appellants, v. NORTHWESTERN STATE BANK, Appellee.

No. 42027.

OCTOBER 24, 1933.

Jepson, Struble & Sifford and Cor. Van de Steeg, for appellants.

Van Oosterhout & Kolyn, for appellee.

EVANS, J.—We glean from a somewhat lengthy petition a brief statement of the salient facts.

The plaintiffs are the surviving children of one Willem Oldenkamp, deceased, and are beneficiaries of his will. The will of Oldenkamp was probated in 1918. It awarded to his widow, Tryntje Oldenkamp, a life use of all his property both real and personal, including the $10,000 mortgage in controversy herein. Pursuant to the terms of the will, Mrs. Oldenkamp took possession of the mortgage and exercised the dominion thereof. In 1922 she assigned and delivered said mortgage to the defendant bank, and said bank has held the same ever since. The circumstances attending such assignment and delivery involved a defalcation of an employee of

1410

the bank, one Gelder, who was a son-in-law of Mrs. Oldenkamp. It is averred by the plaintiffs that the said mortgage was thus assigned and delivered to the bank as a "bail bond" for Gelder, or as security for the payment of the debt owing by him. The said assignment was withheld from record until the 30th day of January, 1926, on which date it was filed for record. The plaintiffs claim interest on their recovery from such date. Tryntje Oldenkamp died on July 19, 1930. The original petition alleges as follows:

"That under the last will and testament of said Willem Oldenkamp, the plaintiffs and said Harm Oldenkamp became the owners of said note and mortgage hereinbefore referred to, subject to the life estate of said Tryntje Oldenkamp in and to the same, and upon the death of said Tryntje Oldenkamp became entitled to the full possession thereof.

"That notwithstanding the fact that these plaintiffs and said Harm Oldenkamp were the owners of said note and mortgage hereinbefore referred to, the defendant, wrongfully and wilfully, on or about the 30th day of January, 1926, converted said mortgage to its own use, and ever since said date has kept and retained the same, or the proceeds thereof, and has failed and refused, and continues to refuse, to account for or deliver the same to these plaintiffs.

"That the interest of said Harm Oldenkamp in and to said note and mortgage has been duly assigned to the plaintiff, Jennie Nieuwenhuis, and she is now the holder and owner thereof.

"That said note and mortgage belong to these plaintiffs, and they are the rightful owners thereof, and entitled to the possession thereof.

"Count II.

"Plaintiffs made all of the allegations of Count I a part of this count, the same as if fully set out herein, and further allege that on or about the 30th day of January, 1926, the defendant, through fraud and deceit practiced upon the said Tryntje Oldenkamp, and duress exerted upon her, obtained from Tryntje Oldenkamp, now deceased, the surviving wife of Willem Oldenkamp, an assignment and transfer of said note and mortgage, without the knowledge or consent of these plaintiffs.

"That at the time the defendant so obtained said assignment and transfer of said note and mortgage to itself from the said Tryntje Oldenkamp it well knew that the said Tryntje Oldenkamp was not the full owner thereof, and that she did not have the right

to transfer and set over the same to it, and the obtaining of said note and mortgage by the defendant from the said Tryntje Oldenkamp was a fraud upon and in violation of the rights of these plaintiffs.

"That demand has been made upon the defendant by these plaintiffs for a return of said note and mortgage to them, or the proceeds thereof, but the defendant has failed and refused, and still refuses to account to these plaintiffs for said note and mortgage.

"That these plaintiffs are entitled to the said note and mortgage or the proceeds thereof, and the same are still their property.

"Wherefore, the plaintiffs demand judgment against the defendant, upon both counts of this petition, in the sum of $10,000, together with interest thereon at the rate of six per cent per annum from January 30th, 1926, and for costs."

The court having sustained the motion for more specific statement, the plaintiff filed the following amendment:

"That for some years prior to September 6, 1922, one Clarence Gelder, had been an employee of the defendant bank. That Gerrit Klay during all the times hereinafter mentioned, was a practicing attorney at Orange City, Iowa; that he is an officer and director of the defendant bank; that the said Gerrit Klay was attorney for the said Tryntje Oldenkamp during all the times hereinafter mentioned.

"That the said Tryntje Oldenkamp was a native of the Netherlands, that she could neither read nor write the English language, that she was not familiar with the English language and could not understand nor speak the English language.

"That on or about the 6th day of September, 1922, the defendant bank by its officers and by the said Gerrit Klay, by duress and by threatening to send the said Clarence Gelder to the penitentiary for alleged shortages in bank funds under his control in said bank while an employee of said bank, and by falsely and fraudulently representing to the said Tryntje Oldenkamp that the note and mortgage referred to in this petition must be assigned to said bank as an appearance bond for the said Clarence Gelder, so obtained through fraud and deceit and by duress exerted upon her, a purported assignment of said note and mortgage.

"That the defendant further fraudulently and for the purpose of misleading and deceiving the said Tryntje Oldenkamp and to induce her to execute purported assignment of said note and mortgage to said bank, orally represented to her that they would not

file assignment for record; and did not file the same for record until January 30, 1926; that they would keep the matter a secret and would not disclose the transaction to the plaintiff heirs; that they would account to her and to the plaintiffs for interest or principal paid on said note and mortgage. That to further defraud and deceive the said Tryntje Oldenkamp and as a part of the same scheme, defendant caused the said Gerrit Klay to represent to her falsely and fraudulently as her attorney that it would not be necessary to obtain an assignment from her children, the plaintiffs; that they would not have to sign anything and that the transaction was proper and legal and that said note and mortgage would later be returned to her.

"That as a part of the same scheme the said defendant fraudulently represented to the said Tryntje Oldenkamp that the transfer of said note and mortgage was in lieu of bail bond only for the said Clarence Gelder; that the said Clarence Gelder was making arrangements with his father to obtain funds elsewhere to make good his alleged shortage in defendant bank, and further falsely and fraudulently represented to the said Tryntje Oldenkamp and as an inducement to obtain said purported transfer of said note and mortgage, that as soon as said alleged shortage had been made good by the said Clarence Gelder to defendant bank, that they would then promptly return to Tryntje Oldenkamp said note and mortgage.

"Wherefore, having amended, plaintiffs renew the prayer of their original petition."

It will be noted that the burden of allegation in the amendment is to the effect that the defendant deceived and defrauded Mrs. Oldenkamp. It is apparently upon that theory that claim is made for damages antedating the death of Mrs. Oldenkamp. Mrs. Oldenkamp's administrator was not made party to the case; nor do the plaintiffs claim to recover as her heirs. On the contrary, the prayer of the amendment adopts that of the original petition. This suit was begun on August 18, 1931. The date of the conversion, as charged in the petition, was January 30, 1926. It will be noted that more than five years elapsed after January 30, 1926, and before August 18, 1931. The plaintiffs were therefore confronted with the presumptive bar of the statute of limitations; and such was the point made in the demurrer. Though the plaintiffs alleged that the defendant had promised Mrs. Oldenkamp to keep the events secret from the plaintiffs by withholding the assignment from record, yet

they failed to allege that they did not in fact know of the transaction at, or about, the time it was had. Nor do they allege that they did not know of the assignment on and immediately after January 30, 1926.

Just why the plaintiffs fixed upon January 30, 1926, as the date of the alleged conversion is not disclosed in the record. The plaintiffs doubtless had their own reasons for that. It is conceivable that the plaintiffs might have had a cause of action even though the defendant was guilty of no fraud at any time in its transactions with Mrs. Oldenkamp. If the bank took an assignment of the mortgage from Mrs. Oldenkamp, it took nothing more than her interest therein. After the assignment, the bank appropriated the accruing interest. Such was the fruit of the life use of the mortgage, which had been given to Mrs. Oldenkamp under the will of her husband. To that extent the plaintiffs had no legal interest; that is to say, their rights were neither greater nor less because of the transaction between the bank and their mother. It is conceivable also that, upon the death of the mother, the mortgage became the absolute property of the plaintiffs as the beneficiaries of the will of Willem Oldenkamp, and that they could have recovered it from the defendant at any time after July 19, 1930. The brief of appellant sounds to some extent in just this contention.

Notwithstanding, therefore, the apparent lack of skill in the formulation of the petition, and notwithstanding its duplicity and irrelevancy in various respects, and notwithstanding the fact that the alleged conversion on January 30, 1926, is within the bar of the statute of limitations, there is still left in the petition sufficient allegation of the simple fact that, by the will of Willem Oldenkamp, his widow acquired the life use of the mortgage and the plaintiffs acquired the right thereto after the death of Mrs. Oldenkamp, and that the right of the plaintiffs to the possession and full ownership of said mortgage accrued on the date of the death of Mrs. Oldenkamp, July 19, 1930. If these allegations be true, they constituted a cause of action regardless of any question of conversion, fraud, or deceit practiced on Mrs. Oldenkamp.

On this ground alone we think the ruling on the demurrer should be reversed. The defendants are doubtless entitled to the use of a pruning hook, but a demurrer is not available for that purpose.—Reversed.

All the Justices concur.